# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RICHARD WALLY ROSE,

    Movant,

vs.                                      Case No.:   3:11-cv-393-BJD-JRK
                                                                           3:08-cr-72-HLA-JRK

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER

This case is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. Rose v. United States, 844 F. App'x 283 (11th Cir. 2021); (Civ. Doc. 98, USCA Opinion; Civ. Doc. 102, Mandate).[1] Rose moves to be present at a resentencing hearing so that he may have the opportunity for allocution. (Civ. Doc. 100, Motion). By implication, Rose also moves the Court to hold a resentencing hearing.

In 2019, the Court granted Rose's motion under 28 U.S.C. § 2255 to vacate his Armed Career Criminal Act (ACCA) sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015). (Civ. Doc. 87, Order Granting § 2255 Motion). In doing so, the Court reduced Rose's term of imprisonment from 211 months to

---

[1] Citations to the record in the criminal case, No. 3:08-cr-72-HLA-JRK, will be denoted "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:11-cv-393-BJD-JRK, will be denoted "Civ. Doc. ___."

1

120 months. Id. at 16. However, the Court left unchanged his 5-year term of supervised release. Id. Rose appealed, challenging the continued imposition of the 5-year term of supervised release. On appeal, the Eleventh Circuit explained that with the ACCA enhancement no longer in place, Rose's conviction for possession of a firearm by a convicted felon became a Class C felony. Rose, 844 F. App'x at 284; see also 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). So, whereas Rose's conviction formerly qualified as a Class A felony, which is subject to a 5-year maximum term of supervised release, see id., §§ 3559(a)(1), 3583(b)(1), his offense now is subject to a 3-year maximum term of supervised release, Rose, 844 F. App'x at 284. Accordingly, the Court of Appeals held that the Court "exceeded its authority in reimposing the five-year term of supervised release" and remanded "for further proceedings consistent with this opinion." Id.

In his Motion, Rose interprets the Eleventh Circuit's opinion as requiring the Court to conduct a full resentencing hearing. Motion at 1. He requests that the Court allow him to be present at a resentencing hearing to give him an opportunity for allocution. Rose argues that the Eleventh Circuit's decision in United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), requires his presence at such a hearing.

Rose is mistaken. As a threshold matter, the opinion remanding the case does not require the Court to conduct a full resentencing hearing. Rather, it

2

calls for the Court to correct Rose's erroneous term of supervised release through "proceedings consistent with this opinion." Rose, 844 F. App'x at 284.

When a defendant's judgment is vacated under 28 U.S.C. § 2255, as Rose's judgment was here, the district court has a choice of "four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." Brown, 879 F.3d at 1235 (citing 28 U.S.C. § 2255(b)). A "correction" and a "resentencing" are distinct remedies, with "a 'correction' being a more limited remedy, responding to a specific error; and a 'resentencing' being more open-ended and discretionary, something closer to beginning the sentencing process anew." Id. at 1236. A district court's choice of remedy is reviewed for abuse of discretion. Id. at 1235.

The Eleventh Circuit "has recognized that '[t]he established right to be present for sentencing—or even for resentencing under certain circumstances—… does not translate into a right to be present whenever judicial action modifying a sentence is taken.'" Id. at 1237 (quoting United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir. 1991)). Instead, "two inquiries emerge to guide … whether a defendant is entitled to a resentencing hearing when a change to his sentence is required as a result of his § 2255 motion." Id. at 1239.

> First, did the errors requiring the grant of habeas relief undermine the sentence as a whole? Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing? When these factors are present, a District Court's sentence

3

> modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.

Id. at 1239–40 (citing Kentucky v. Stincer, 482 U.S. 730, 745 (1987)). Notably, the Eleventh Circuit observed:

> Resentencings are various in kind and many are very narrow. At one extreme, the resentencing ordered may be as unconstrained and open-ended as an initial sentencing; but at the other extreme, a remand may be so focused and limited that it involves merely a technical revision of the sentence dictated by the appeals court <u>and calls for no formal proceeding—say, modifying the judgment to cut back to its legally permitted length a supervised release term that exceeded what the statute permits.</u>

Id. at 1237 (emphasis added) (quoting United States v. Bryant, 643 F.3d 28, 32 (1st Cir. 2011)).

Applying Brown, the Court finds that a resentencing hearing is not required to correct Rose's supervised release term. First, the Eleventh Circuit's opinion remanding the case does not undermine Rose's sentence as a whole.[2] Rather, it concerns only the length of Rose's term of supervised release. See Rose, 844 F. App'x at 284. Second, the Eleventh Circuit's opinion does not call for this Court to "exercise significant discretion in modifying the defendant's sentence." Brown, 879 F.3d at 1239–40. The only issue to be addressed on remand is "cut[ting] back to its legally permitted length a supervised release

---

[2] When the Court granted Rose's § 2255 motion and reduced his term of imprisonment from 211 months to 120 months, it did so without a resentencing hearing as well. That issue was not addressed in the Eleventh Circuit's opinion and it is not the subject of the remand. Moreover, if Rose objected to the Court reducing his sentence without a resentencing hearing, he could have raised that issue in his notice of appeal (construed as a motion for a certificate of appealability (Civ. Doc. 90)), but he did not.

4

term that exceeded what the statute permits." Id. at 1237 (quoting Bryant, 643 F.3d at 32). Indeed, this is the very type of correction that the Eleventh Circuit identified as not requiring any formal proceeding. Id.; see also United States v. Gibbs, 403 F. App'x 82, 83–84 (7th Cir. 2010) (district court was not required to hold a resentencing hearing to reduce the term of supervised release).

And correcting Rose's term of supervised release does not require the Court to answer any "questions [it] was not called upon to consider at the original sentencing." Brown, 879 F.3d at 1240. The Court originally imposed the maximum term of supervised release, not a mandatory minimum. Cf. id. at 1239 (observing that if the original sentencing court imposed a mandatory minimum sentence that no longer applies, then a resentencing hearing may be the first opportunity the defendant has to meaningfully challenge the information affecting the judge's sentencing decision (citing Jackson, 923 F.2d at 1496–97)); cf. also id. at 1240 (the need to conduct a resentencing hearing in Brown's case was heightened because the district court originally imposed the mandatory minimum sentence with little or no discussion of Brown's presentence investigation report or the 18 U.S.C. § 3553(a) factors). Rose's original 5-year term of supervised release already reflects that the Court, in exercising its discretion, determined that the maximum period of supervised release was warranted. Now that the maximum term of supervised release has

been lowered, it stands to reason that the Court would impose no less than the new maximum term of 3 years. Rose offers no argument to the contrary.

One final note: Rose requests the opportunity to be present at a resentencing hearing for the purpose of allocution. Motion at 1. But Rose, who represented himself at sentencing, already received that opportunity. (See generally, Crim. Doc. 139, Sentencing Transcript). The Eleventh Circuit's opinion requires the Court merely to revise an isolated non-incarcerative aspect of his sentence, and it does not call for the Court to exercise significant discretion. It therefore does not qualify as a critical stage of the proceedings at which Rose's presence is required. See Brown, 879 F.3d at 1239–40.

Accordingly, it is hereby **ORDERED:**

1. Petitioner Richard Wally Rose's term of supervised release is **REDUCED** from five years to **three years**. The judgment (Crim. Doc. 118) is amended accordingly.

2. Rose's Motion to be Present at Resentencing (Civ. Doc. 100) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
C:
Counsel and parties of record
United States Probation Office

6